ALFORD, Judge.
This is an appeal by plaintiff, Gilbert Buras, Sr., from a judgment that denied his request for a writ of mandamus. Plaintiff sought to compel defendants, State of Louisiana, Shirley McNamara, Secretary of the Department of Revenue and Taxation (Department) and Pat Guarino, Supervisor of the Assessment Unit of the Department, to produce for inspection various documents relating to sales tax assessments for vendors at the 1984 Louisiana Jazz and Heritage Festival.
Plaintiff operated a vending stand at the 1984 Louisiana Jazz and Heritage Festival where he sold po-boys. Sales taxes due the state were collected from vendors on a daily basis at the festival. The Department collected the taxes due by having agents personally visit each booth, request from the vendor his total sales for the day and remit the taxes due thereon. After plaintiff paid his taxes due, the Department determined that he owed more taxes and assessed him for such. The Department further determined that plaintiff did not keep sales records and fined him for attempting to defraud the state.
Pursuant to the Public Records Law, LSA-R.S. 44:1, et seq., plaintiff filed a formal written request with the Department seeking to obtain the following:
1. Any and all notices of delinquency and/or deficiency assessment, whether pursuant to L.R.S. [47:]1562 or L.R.S. [47:]1564 or otherwise, regarding vendors at the 1984 Louisiana Jazz and Heritage Festival.
2. Any and all books, memoranda, papers, reports, photographs and/or tally sheets which the Department has prepared or used in its audits, investigations or examinations under L.R.S. 47:1562 of, or upon which it has based its determinations of State sales tax due to the State of Louisiana by, any vendor at the 1984 Louisiana Jazz and Heritage Festival.
*519 3. Any and all books, papers, reports or summaries from which the amount of Louisiana state sales tax paid by each vendor of goods operating at the 1984 Louisiana Jazz and Heritage Festival may be determined.
The Department denied plaintiffs request stating that such records were confidential and privileged. He then filed a second request with the Louisiana Board of Tax Appeals which was also denied. Plaintiff filed suit in August of 1984, seeking issuance of a writ of mandamus to compel defendants to produce the requested documents. The trial court denied the request for the writ of mandamus, and plaintiff appeals alleging that the trial court erred in not granting the writ of mandamus.
Plaintiff contends that the Public Records Law is applicable to the present case. However, we find that LSA-R.S. 47:1508 governs since it is more specifically directed to the matter at issue. Bethard v. State, Through Board of Trustees of Louisiana State Employees’ Retirement System, 430 So.2d 1122 (La.App. 1st Cir.1983), writ denied, 435 So.2d 430 (La.1983).
Tax records and files of the Department are confidential and privileged subject to limited exceptions. LSA-R.S. 47:1508(A)(1).[1] See In the Matter of State Financial Service, Inc., 432 F.Supp. 129 (M.D.La.1977). Relating to the records and files of the Department, R.S. 47:1508(A)(3) provides:
Neither the secretary nor any employee engaged in the administration or charged with the custody of any such records or files shall be required to produce any of them for inspection or use in any action or proceeding, except in an action or proceeding in the administration or enforcement of the tax laws of this state or of a political subdivision.
It is clear from a reading of this statute that the Legislature did not intend to allow disclosure of such information plaintiff sought in his overbroad request. He may be able to obtain his tax records and information, but not the sales records and tax information of other vendors. Moreover, this suit does not fall under the exception to R.S. 47:1508(A)(3) since this action for a writ of mandamus is not an action or proceeding in the administration or enforcement of the tax laws of this state.
We find that defendants are not required to produce the requested records for inspection and affirm the trial court’s denial of the writ of mandamus.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be borne by plaintiff, Gilbert Buras, Sr.
AFFIRMED.

. § 1508. Confidential character of tax records
A. (1) Except as otherwise provided by law, the records and files of the secretary of the Department of Revenue and Taxation or the records and files maintained pursuant to a tax ordinance, excluding ad valorem property taxes and ad valorem property tax assessment rolls, of any political subdivision are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a political subdivision of this state.