Dear Mr. Bergeron and Mr. Scalise:
This office is in receipt of your request for an opinion of the Attorney General in regard to a reciprocal exchange of information between the Assessor and Revenue Department of the Parish of West Baton Rouge relative to the taxes administered by each. You ask the following questions:
 1. Is it legally permissible for the Parish Revenue Department and the Assessor to exchange information deemed confidential under the terms of R.S. 47:1508B(3)
or B(5); and
 2. If not, is the Assessor compelled to produce confidential forms to the Revenue Department under its subpoena power.
 3. How might the Assessor obtain access to confidential sales tax records absent a mutual, legal agreement between the two offices to do so.
As you note R.S. 47:1508 provides that "the records and files of the Dept. of Revenue and Taxation or the records and files maintained pursuant to a tax ordinance, excluding ad valorem property taxes and ad valorem property tax assessment rolls, of any political subdivision are confidential and privileged". However, it further provides an exception to the confidentiality "in the administration and enforcement of the tax laws of this state or of a political subdivision of this state".
Additionally, in R.S. 47:1508(B) it is provided in Paragraph (3) that the confidentiality would not prevent "the use of reports filed by a taxpayer under one Chapter of this Title or an ordinance of a political subdivision, in an action against the same taxpayer for a tax due under another Chapter of this Title, or another tax ordinance of the political subdivision", and in Paragraph (5) that the confidentiality would not prevent "the furnishing, in the discretion of * * * a political subdivision, of any information disclosed by the records or files to any official person of another department or political subdivision of this state, or any other state, or of the United States who is concerned with the administration of taxes and who in fact furnishes or has agreed with the * * * the political subdivision to furnish information contained in the records and files administered by him to the Department of Revenue and Taxation or the political subdivision on a reciprocal basis". However, it further sets forth in Paragraph (5) that the exchange of information shall not be made in contravention of any provisions of state or federal law prohibiting the dissemination of such information, and may only be divulged as provided by law.
In regard to your reference to Atty. Gen. Op. 81-1042, we find it was simply concluded the confidentiality of records held by the Dept. of Revenue must be weighed against the District Attorney's subpoena privileges for "Article 66 and R.S. 47:1508
are both exceptional provisions. That is, they were both enacted in order to provide special powers, exceptions safeguards, and to effectuate specific policies". It was concluded when the Dept. of Revenue receives and C.Cr.P. Art. 66 subpoena for tax records, they may file a Motion to Quash requiring the District Attorney prove he is proceeding on a matter involving the administration of Louisiana's tax law.
We do not find this restriction is relevant to your question in regard to the Parish Revenue Dept. and the Assessor exchanging confidential information under the terms of R.S.47:1508.
Nor do we find the decision of Buras v. State,496 So.2d 517 (La.App. 1986) pertinent to the issue of the right of the Assessor and Parish Dept. of Revenue exchanging tax information. Therein the plaintiff, a vendor at Jazz Fest, was found by the Dept. of Revenue to owe more taxes whereupon he sought copies of delinquency notices and records of the Department of all the vendors upon which the Department based demands for taxes due. The court found the Legislature did not intend to allow disclosure of such information sought by plaintiff "in his over broad request", and in holding that the defendant Department of Revenue was not required to produce the requested records stated "this action for a writ of mandamusis not an action or proceeding in administration orenforcement of tax laws of this State". (Emphasis added.)
In answer to the question whether the Evangeline Sales and Use Tax Commission could furnish to the cities information from tax returns of individuals and/or corporate entities to aid cities in the calculation of their occupational license taxes or whether this information is confidential, this office found in Atty. Gen. Op. No. 93-173 that the confidentiality of tax records "is not violated when the information contained in such records is `disclosed * * * in the administration and enforcement of the tax laws * * * of a political subdivision." Relying uponTesta Distributing Co., Inc. v. Tarver, 584 So.2d 300
(La.App. 1991) this office quoted as follows:
 The meaning of `in the administration and enforcement of the tax laws of this state' is clear and unambiguous when the terms are given their usual significance and the phrase is considered in pari materia with other laws in this area. La. R.S. 1:3; La.C.C. arts, 11 and 13. Administration is defined as the act of managing or supervising the execution, use, or conduct of. Webster's Ninth New Collegiate Dictionary 57 (1984). Enforcement is defined as the act of putting something such as a law into effect; the carrying out of a mandate or command. Black's Law Dictionary 474 (5th ed. 1979). La. R.S. 47:1502
state that the Secretary shall collect and enforce the collection of all taxes, penalties, interest and other charges that may be due under the provisions of Sub-title II of this title and administer the legislative mandates therein contained. Thus, the Secretary is empowered by law with the enforcement and administration of the tax laws of this state.
This office was of the opinion that a disclosure to a particular political subdivision of the information contained in the individual sales and use tax returns filed in accordance with the laws and ordinances of that political subdivision so that the political subdivision can utilize the information in the administration and enforcement of its occupational license tax laws is authorized by, and not a violation of R.S. 47:1508.
Subsequently, in Atty. Gen. Op. No. 94-484 this office approved an agreement between Avoyelles Parish School Board and an outside private auditor for the collection of delinquent sales/use and rental tax inasmuch as the private auditor was found to be an agent of the Board in the enforcement of the school board engaged in the administration and enforcement of the sales tax ordinances. Therefore, it was held the disclosure of the sales tax files to the auditor did not violate R.S. 47:1508.
On the other hand, we find in Atty. Gen. Op. No. 87-632 that this office concluded the Sheriff could not disclose tax collection information to the St. Tammany Parish Tourist Commission, having found the Commission was not a "political subdivision" to fall within the exception of R.S. 47:1508.
Following the logic of these opinions, we would conclude it is permissible for the Parish Revenue Department and the Assessor to enter into a reciprocal agreement for exchange of information in the tax records in furtherance of the administration and enforcement of the tax laws administered by each; and this agreement would preclude any necessity to attempt to seek such information by subpoenas and encounter the confidentiality issue.
We recognize under R.S. 47:1957 entitled "Listing and Assessing Property Generally" that the assessor is mandated to assess all taxable property in the state. Under Paragraph(C) the assessor is given the power to require of any property holder an inspection of his books or accounts and, if necessary, put the owner, agent or employees under oath and propound such questions as will elicit from them the fair market or use value of the property. In furtherance of this authority under Paragraph (D) when a person fails or refuses to list his property or submit to oath, the assessor may make a list "from the best information he can obtain". To this end he is authorized "to administer oaths and propound questions to any person whomever he supposes can give information in relation thereto."
With this authority in mind in answer to the question on how the assessor may obtain access to confidential sales tax record from the Revenue Department in absence of a mutual agreement between the two offices, we would restate the observations of this office in Atty. Gen. Op. No. 81-1042 which weighed the subpoena power of the attorney general or district attorney under C.Cr.P Art. 66 against the confidentiality under R.S. 47:1508. It was stated that it is difficult to simply conclude that one policy should or does absolutely preempt the other policy provision; and it was concluded that a weighing of competing policies must be made on a case by case basis by a neutral and detached magistrate.
We also take note of the decision of this office in Atty. Gen. Op. No. 78-299 which asked whether the records of the Louisiana Tax
Commission could be legally subpoenaed by the United States Internal Revenue Service. Therein it was found the records and reports of a taxpayer filed with the Louisiana Tax Commission being deemed confidential were not subject to the subpoena power of the Internal Revenue Service.
Therefore, we cannot propose a definitive means for an assessor to obtain access to confidential sales tax records from the Parish Revenue Department without a reciprocal agreement without court authority to weigh the necessity to for information against the issue of confidentiality.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely your,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Discussion of exchange of information that is otherwise confidential between the assessor and parish revenue department.