Dear Mayor Gulotta:
I am in receipt of your request for an Attorney General's opinion concerning the obligation of the City to disclose Utility Account information pursuant to a public records request. You stated that Plaquemine operates its own electrical, natural gas, water and sewerage utility service. You further stated that the customers' accounts contain:
 information regarding the customer's social security number, driver's license number, address, telephone numbers, place of employment, as well as the past and current utility bill for that customer. The utility bill contains information regarding the usage by that customer, i.e. amount of kilowatts, gallons of water, or mcf of gas for the month.
You wanted to know what, if any, information should be disclosed as a public record pursuant to LSA R.S. 44:1 et al. Specifically, you stated that you had two areas of concern, and they were:
 1. that the disclosure of social security numbers, driver's license numbers, possibly private telephone numbers appears to violate the customer's right to privacy if anyone can acquire this information simply by asking; and
 2. in light of the current movement toward deregulation in the electrical utility field, disclosure of amount of usage by public power customers could place public power suppliers at a competitive disadvantage, if all an investor owned utility needed to do was simply ask to get this information.
The public's right to public records is fundamental and guaranteed by the Louisiana Constitution Article 12, Section 3, which provides that "[N]o person shall be denied the right to . . . examine public documents, except in cases established by law." Title Research Corp. v. Rausch, 450 So.2d 933, 936 (La. 1984); Capital City Press v. EBRP Metropolitan Council, 96-1979 (La. 7/1/97), 696 So.2d 562, 564; Alliance for Affordable Energy v. Frick, 96-1763 (La.App. 4 Cir. 5/28/97), 695 So.2d 1126, 1130.
The Louisiana Public Records Law, Title 44, Chapter 1, Louisiana Revised Statutes, was enacted to implement the inherent right guaranteed by the Constitution of the general public's right to be informed as to the manner, basis, and reasons upon which governmental affairs are conducted. Trahan v. Larivee, 365 So.2d 294
(La.App. 3rd Cir. 1978), writ denied, 366 So.2d 564 (La. 1979); Bartels v. Roussel, 303 So.2d 833 (La.App. 1st Cir. 1974), writ denied, 307 So.2d 372 (La. 1975).
LSA-R.S. 44:1 reads in pertinent part:
 (A)(2) All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records," except as otherwise provided in this Chapter or as otherwise specifically provided by law.
A "custodian" is:
 (A)(3) . . . the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records.
All custodians are under an obligation to provide access to public records under their custody and/or control. Based on the Public Records Law, the utility account information that is in the possession of the City of Plaquemine, would be considered public records. It is being used to conduct government business, i.e., the operation of a public utility. Thus, this information is subject to disclosure. The only way a custodian can deny the public's right of inspection is if there is some specific exemption granted by law or the disclosure of the information would violate a person's constitutionally guaranteed right to privacy.
You asked generally about the disclosure of information contained in your customers' utility accounts. Much of the information you listed must be provided as a public record. An issue similar to this was addressed in Attorney General Opinion Number 94-508. In that opinion, Caddo Parish Sewerage District No. 7, questioned the constitutionality of releasing utility bills and payment histories of public utility customers. In that opinion, it was concluded that public records should be produced upon request subject only to those limitations found in LSA-R.S. 44:32(A) and 44:33. However, any personally, identifiable financial information contained in public records should not be released in order to protect the privacy of individual customers. We attach a copy of Attorney General Opinion Number 94-508 for your convenience.
You stated in your letter that the city had specific concerns regarding the disclosure of social security numbers, driver's license numbers, and private telephone numbers because the releasing of this information "appears to violate the customer's right to privacy." Article 1, Section 5 of the Louisiana Constitution of 1974 prohibits "unreasonable" invasions of privacy. However, the right of privacy is not absolute; it is qualified by the rights of others. The right to privacy is also limited by society's right to be informed about legitimate subjects of public interest. Plaquemines Parish Commission v. Delta Development Co., 472 So.2d 560 (La. 1985); Parish National Bank v. Lane, 397 So.2d 1282 (La. 1981). Therefore, the customer's right to privacy must be balanced with the public's right of unfettered access to government. It must be determined if the customer has a reasonable expectation of privacy in the information.
In Alliance for Affordable Energy v. Frick, Id. at 1132-33, the court stated that "the custodian may separate the nonpublic record and make the public record available for examination. La.R.S.44:32(B)." Therefore, any information determined to be protected by a customer's right to privacy can be separated or redacted from the information that is public record.
We now closely examine the issues you were specifically concerned with: the disclosure of social security numbers, driver's license numbers and private telephone numbers.
 Social Security numbers
The issue of the release of social security numbers was addressed in Attorney General Opinion Number 90-272. The opinion held that social security numbers are taxpayer identification material for income tax returns which has been deemed confidential by federal and state law. The opinion further states that:
 26 U.S.C. § 6103 mandates "return information" shall be confidential, and further defines any information relating to the "taxpayer's identity" to be "return information." LSA-R.S. 47:1508 duplicates the federal statute substantially, and R.S. 47:1508.1 (sic) defines the unauthorized disclosure of such "tax return information" to be a crime.
Attorney General Opinion Number 97-0495 also addressed the release of social security numbers in public records requests. That opinion stated that:
 [S]ocial Security Numbers of registered voters should be deleted from records prior to their public disclosure in accordance with the Freedom of Information Act and Attorney General Opinion Number 91-295, and in accordance with Louisiana Acts 1997, Number 1420, effective January 1, 1998.
As both federal and state law require that social security numbers be kept confidential, an individual has a reasonable expectation that this information will not be disclosed. Therefore, this information should be deleted from documents produced pursuant to a public records request. We attach a copy of Attorney General Opinion Numbers 90-272 and 97-0495 for your convenience.
 Driver's License numbers
Driver's license numbers are a part of a driver's records kept by the Department of Public Safety and Corrections. Attorney General Opinion Number 82-1168 opined that "[D]river's records kept by the Department of Public Safety are public records and must be made available to qualified individuals upon request." LSA-R.S.32:393.1 provides for the dissemination of driver's records "to other persons, firms or corporation for uses other than official." An individual does not have a reasonable expectation of privacy in information (in this case, a driver's license number) when the information is disseminated by operation of laws. Further, we were unable to find a provision of state or federal law specifically exempting a driver's license number from the Public Records Law. Therefore, it is our opinion that a driver's license number is public record and can be disclosed. We attach a copy of Attorney General Opinion Number 82-1168 for your convenience.
 Private telephone numbers
LSA-R.S. 44:11 states that the home telephone numbers of public employees, where such employee has chosen to have a private or unlisted home telephone number, is confidential and exempt from the Public Records Law. It is reasonable that a private citizen has at least a similar expectation of privacy in this information as a public employee. It is therefore our opinion that a telephone number that is private or unlisted can be deleted from a public record.
To address your second concern regarding the competition in the utility field, this is not an exemption allowed by the Public Records Law. Article 12, Section 3 of the Louisiana Constitution of 1974 stands for the premise that the Public Records Law:
 . . . must be construed liberally in favor of free and unrestricted access to records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise. Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to see. To allow otherwise would be an improper and arbitrary restriction on the public's constitutional rights. Capital City Press v. EBRP Metropolitan Council, Id. at 564 citing Title Research Corporation v. Rausch, Id. at 936.
Therefore, a public body can not withhold public records when it is based solely upon a general claim that it would adversely affect competition in the utility field, in the absence of a specific legislative exemption from the Public Records Act.
In light of the law and Attorney General Opinions cited herein, public records must be produced upon request as provided by LSA-R.S. 44:1 et seq. However, information which is specifically exempted by law or information which would violate a person's constitutionally guaranteed right to privacy, may be separated or deleted from the public record before disclosure.
We hope this opinion sufficiently addresses your concerns. If we can be of further assistance, please let us know.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ VERONICA L. HOWARD Assistant Attorney General
RPI/VLH:lrs
OPINION NUMBER 97-0495
JANUARY 29, 1998
31 ELECTIONS — Registration of Voters
Social Security Numbers of registered voters should be deleted from records prior to their public disclosure, in accordance with the Freedom of Information Act and Atty.Gen.Op. 91-295, and in accordance with Louisiana Acts 1997, No. 1420, effective January 1, 1998.
Honorable Jerry M. Fowler Commissioner of Elections Department of Elections Registration P.O. Box 14179 Baton Rouge, LA 70898-4179
Dear Commissioner Fowler:
We are in receipt of your request for an Attorney General's opinion regarding an interpretation of Louisiana Acts 1997, No. 43 and No. 1420. You seek our opinion on the following questions:
 (1) What procedure should be followed by the parish registrars in allowing the inspection of the voter registration applications prior to January 1, 1998?
 (2) What effect, if any, does the Privacy Act have on the disclosure of social security numbers?
Louisiana Acts 1997, No. 43 amended R.S. 18:154(E), which law became effective on August 15, 1997. Prior law provided:
 E. Notwithstanding the provisions of this Section or any other law to the contrary, the registrar of voters shall not allow inspection of any voter registration applications or copies thereof unless ordered by a court of competent jurisdiction.
The new amended law provides:
 E. Notwithstanding the provisions of this Section or any other law to the contrary, the registrar of voters shall allow inspection of voter registration applications or copies thereof. However, information relating to a particular individual's declination to register to vote or information relating to the specific public assistance agency or motor vehicle office through which a particular individual registered to vote shall be confidential and shall not be used for any purpose other than voter registration.
Louisiana Acts 1997, No. 1420 amended R.S. 18:154(C), which law does not become effective until January 1, 1998. Therefore, through December 30, 1997, the present law is as follows:
 C. However, neither the registrar nor the Department of Elections and Registration shall circulate the social security numbers of registered voters on commercial lists.
On January 1, 1998, the new amended law will provide:
 C. Notwithstanding the provisions of this Section, neither the registrar nor the Department of Elections and Registration shall disclose the social security number of a registered voter or circulate the social security numbers of registered voters on commercial lists.
You are concerned with the procedure to be followed through December 30, 1997, wherein a request is made to review records in accordance with Act 43. You question whether the parish registrars are required to delete the social security number from voter registration records prior to the effective date of the new law [Act 1420], which clearly requires that they do not disclose social security numbers of registered voters.
In Attorney General Opinion Number 91-295, addressed to your former First Assistant Mr. Shine Domingue, our office opined that under the Freedom of Information Act [5 U.S.C. § 552 et seq.] and case law on the issue, the disclosure of social security numbers would clearly be an unwarranted invasion of personal privacy, and therefore, the social security numbers of persons registered to vote should be deleted from records before release for public inspection. We reaffirm this earlier opinion, and conclude that during the time period through December 30, 1997, all parish registrars should continue to follow this guidance. On January 1, 1998, the parish registrars will continue to follow this same procedure, the only difference is that the procedure is specified by state law.
With respect to your second question, we do not believe the privacy act has any effect on the disclosure of social security numbers. The Privacy Act of 1974, § 7, makes it unlawful for any federal, state or local government agency to deny any individual any right, benefit or privilege because of the individual's refusal to disclose his social security number. The Freedom of Information Act is more directly related to your concerns herein, which act is discussed in detail in our earlier opinion, No. 91-295.
We hope this opinion sufficiently addresses all of your concerns. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL:cwr
OPINION NUMBER 94-508
JANUARY 27, 1995
90-C PUBLIC RECORDS LSA-R.S. 44:1; 44:32 44:33
Public records should be produced upon request subject only to those limitation found in LSA-R.S. 44:32A. and 44:33. Records of a public utility are public records subject to disclosure. However, any personally, identifiable financial information contained within those records should not be released in order to protect the privacy of individual customers.
Mr. E. Keith Carter Blanchard, Walker, O'Quin, and Roberts 1400 Premier Bank Tower Post Office Drawer 1126 Shreveport, LA 71163-1126
Dear Mr. Carter:
You have requested the opinion of the Attorney General on behalf of the Caddo Parish Sewerage District No. 7 ("District") regarding the Public Records Act, LSA-R.S. 44:1 etseq. Specifically, you ask:
 1. Whether the District has the authority to make reasonable accommodations, and allow the public to review, inspect and copy public records only during certain business hours during certain business days or at least not on certain days?
 2. Whether the District may constitutionally release the individual names, addresses, amount of utility bills, and payment histories of the users and/or customers of the District to the public?
Also, you indicate in your letter that the District has only one full-time employee, the Secretary/Treasurer. This employee has received several requests from a "self-appointed voluntary committee" which have proven to be unduly burdensome. The committee has demanded immediate access to certain records which precludes the Secretary/Treasurer from carrying on the normal business of the District.
Your concerns require the application and interpretation of LSA-R.S. 44:1 et seq., the Public Records Law, which was enacted to carry out the command of Article XII, Section 3, of the Louisiana Constitution of 1974. The issues involved in this opinion will be addressed in the order presented above.
 I.
The first issue addresses whether the District has the authority to restrict the hours or days (within regular working hours) for the requesting party to view the requested public records. The Public Records Law, LSA-R.S. 44:32A., provides in pertinent part:
 The custodian shall present any public record to any person of the age of majority who so requests . . . provided further, that examinations of records under the authority of the Section must be conducted during regular office or working hours, unless the custodian shall authorize examination of records in other than regular office or working hours. In this event the persons designated to represent the custodian during such examination shall be entitled to reasonable compensation to be paid to them by the public body having custody of such record, out of funds provided in advance by the person examining such record in other than regular office or working hours.
Further, the Public Records Law, LSA-R.S. 44:33, provides the following with respect to the availability of records:
 A. (1) When a request is made for a public record to which the public is entitled, the official, clerks of court and the custodian of notarial records in and for the parish of Orleans excepted, who has responsibility for the record shall have the record segregated from other records under his custody so that the public can reasonably view the record.
 (2) If, however, segregating the record would be unreasonably burdensome or expensive, or if the record requested is maintained in a fashion that makes it readily identifiable and renders further segregation unnecessary, the official shall so state in writing and shall state the location of the requested record.
 B. (1) If the public record applied for is immediately available, because of its not being in active use at the time of the application, the public record shall be immediately presented to the authorized person applying for it. If the public record applied for is not immediately available, because of its being in active use at the time of the application, the custodian shall promptly certify this in writing to the applicant, and in his certificate shall fix a day and hour within three days, exclusive of Saturdays, Sundays, and legal public holidays, for the exercise of the right granted by this Chapter.
Thus, according to the cited statutory language, public records should be made available immediately upon request during regular working hours, unless the custodian authorizes inspection after working hours. Where a request is unreasonably burdensome to comply with during normal working hours, the custodian of records for the District may authorize an after hours inspection. Attorney General Opinion Number 81-615. Further, if the record requested is in use, the District's custodian should fix a day and time in which such record may be inspected.
Lastly, this office has previously stated that if a broad request is received, then the custodian may allow the requesting party to search for the record. The custodian of those records has the duty to state in writing that the segregation is unduly burdensome and to provide the location of the records. The custodian has the responsibility to know that the requested record is located within the presented material. The custodian may only do this if the search for the record would be so time consuming so as to interfere with the orderly conduct of his office. Attorney General Opinion No. 81-615.
Therefore, it is the opinion of this office that the District does not have the authority to restrict the number of hours or days within the work week that the public may see public records held by that public body. However, the District's employee is not required to consume all of the workday fulfilling the committee's request, and thus ignoring other District business. The District may determine that an after hours examination is needed in order to not interfere any further with the District's business, or the District can require that the requestor come and search for the requested records themselves. The requesting party may then view and copy the documents. The District may charge the committee for any copies. LSA-R.S. 44:32.
 II.
The second issue concerns what type of personal information concerning customers and/or users of sewerage facilities must be released for inspection. Specifically, you refer to information concerning the names, addresses, amount of utility bills, and payment histories of the users and/or customers. The first step is to determine if the above information is considered "public records". LSA-R.S. 44:1(A)(2) defines "public records" as the following:
 all books, records, writings, accounts, letters, and letter books, maps, drawings, photographs, . . . having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business . . . performed by or under the authority of the constitution or laws of this state, or . . . any ordinance, regulation, mandate.
The information that you are concerned about is considered a public record because it is being used to conduct the District's business, i.e. operation of a public utility. Thus, the information is subject to disclosure. The Public Records Act must be liberally interpreted so as to extend rather than restrict access to public records by the public. Bartels v.Roussel, 303 So.2d 833 (La.App. 1st Cir. 1974). Unless specifically exempted, all records, documents, and information used in the performance of any public function are included.Caple v. Brown, 323 So.2d 217 (La.App. 2d Cir. 1975).
Access to public records may be denied where there is a constitutional, statutory or jurisprudential exemption from disclosure. Gannett River State Publishing v.Hussey, 557 So.2d 1154 (La.App. 2d Cir. 1990). Any exemption to the Public Records Law is in derogation to the public's right to be reasonably informed about the manner in which public affairs are conducted, and therefore must be interpreted narrowly. Amoco Production Co. v.Landry, 426 So.2d 220 (La.App. 4th Cir. 1982).
The Public Records Law provides exemptions to the disclosure of certain information. However, the undersigned did not find a statutory provision which would exempt the records of this public utility. Access to public records may also be denied if the disclosure of the information would violate a person's constitutional rights. Article 1, Section 5 of the Louisiana Constitution of 1974 protects persons from unreasonable searches and seizures. This provision has been interpreted to limit the public's access to information when an individual has a "reasonable expectation of privacy" in information contained within the public records. In order to have a privacy interest protected, the individual must exhibit an actual expectation of privacy, and society must be willing to recognize this interest as reasonable. 52 Louisiana Law Review 575 (1992), p. 585, citingKatz v. United States, 389 U.S. 347, 88 S.Ct. 507
(1967). If it is determined that a reasonable expectation of privacy exists, then the public's right in obtaining the record must be weighed against the individual's interest in keeping the information private. Webb v. City ofShreveport, 371 So.2d 316 (La.App. 2d Cir. 1979), writ denied 374 So.2d 657.
We must now consider whether the names, addresses, amount of utility bills, and payment histories of users and/or customers fall into the above named exemption, and thus should be released to the public.
NAMES AND ADDRESSES
In Webb v. City of Shreveport, supra.371 So.2d at 319, the court stated the following regarding names and addresses:
 To paraphrase Prosser, complete privacy does not exist except for the eremite in the desert. A person's employment, where he lives, and where he works are exposures which we all must suffer. We have no reasonable expectation of privacy as to our identity or as to where we live or work.
In Webb, the court addressed whether the names and addresses of city employees may be disclosed as part of the Public Records Law. Finding no reasonable exception or privacy on behalf of the city or its employees, the court ordered such information to be released. A statutory exemption does exist for the home address and telephone number of a public employee where such employee requests that the information remain confidential. LSA-R.S. 44:11. This exemption does not apply to the case at hand. Further, it is this writer's opinion that there is no reasonable expectation of privacy in such information. Therefore, it follows that the names and addresses of the utility consumers and/or users should be disclosed under the Public Records Law.
AMOUNT OF UTILITY BILLS
The next issue concerns the disclosure of the amount of utility bills of the consumers and/or users in the District. The amount of utility bills would be considered Public Record. Nothing in the Public Records Law expressly exempts this information from being disclosed. The consumers and/or users do not have a reasonable expectation of privacy in the amount of their utility bills. The amount of their utility bills does not contain any kind of personal information which one would expect to remain private. The disclosure of this information cannot injure the respective consumers' reputations or livelihoods. Therefore, under the Public Records Law the amount of the utility bills must be disclosed to the public.
PAYMENT HISTORIES
The final disclosure issue concerns the payment histories of consumers and/or users of the District. The Public Records Law does not expressly exempt payment histories from disclosure. Again, this issue must be considered in light of the reasonable expectation of privacy in keeping this information private.
In Attorney General Opinion 77-29, this office addressed the issue of whether the City of Plaquemine could validly publish the names of delinquent utility customers. This office gave the following reply:
 In response to your question, it is the opinion of this office that the City of Plaquemine may publish in the local newspaper the names of those who have not paid pavement assessments, but that it may publish the names of delinquent utility customers only if the utility is publicly owned.
This opinion did not, however, address specific payment histories. It is the opinion of the undersigned that information detailing a customer's payment history may contain sensitive, personal information not related to the operation of the public utility. There exists a reasonable expectation of privacy in personal financial information, thus, such information should not be released to the public.
Therefore, it is the opinion of this office that public records should be produced upon request subject only to those limitation found in LSA-R.S. 44:32A. and 44:33. Records of a public utility are public records subject to disclosure. However, any personally, identifiable financial information contained within those records should not be released in order to protect the privacy of individual customers.
I hope this has sufficiently answered your questions. If you require any further information, do not hesitate to call on this office.
Your very truly,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ GINA M. PULEIO Assistant Attorney General
RPI/GMP/pb
Opinion Number 90-272
May 23, 1990
62-A — LEGISLATURE — Members of 128 — TAXATION — Inheritance. Succession. Estate. Income taxes26 U.S.C. § 6103
LSA-R.S. 47:5108-5108.1
Social security number of State Senator is taxpayer identification material for tax return which is confidential by federal and state law.
Mr. Michael S. Baer, III Secretary to the Senate of Louisiana P.O. Box 44290 Baton Rouge, LA 70804
Dear Mr. Baer:
You request an opinion as to whether the Senate must release the social security number of a Senator, requested by a local television station.
The social security number serves to identify the payroll contributor to the social security fund, so that his or her account may receive credit. It has an additional purpose — as the taxpayer identification number for both state and federal income tax returns. While an inventory of social security laws and regulations might well yield a provision prohibiting disclosure of this number, the federal and state tax laws clearly prohibit disclosure.
26 U.S.C. § 6103 mandates "return information" shall be confidential, and further defines any information relating to the "taxpayer's identify" to be "return information." LSA-R.S. 47:1508
duplicates the federal statute substantially, and R.S. 47:1508.1
defines the unauthorized disclosure of such "tax return information" to be a crime.
The federal law supercedes the Louisiana Public Records Law by operation of the supremacy clause of the U.S. Constitution, and the state confidentiality procedure has been held to supercede the duty to produce of the custodian of Public Records Law in Buras v. State,496 So.2d 517 (La.App. 1st Cir. 1986).
In our opinion you are not allowed to release the social security number of this Senator, in that it forms an essential part of the taxpayer identification material of his federal and state tax returns, and is therefore confidential as a matter of law.
Trusting this to be of sufficient information, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 By: __________________________ CHARLES J. YEAGER Assistant Attorney General
CJY:tm
Opinion Number 82-1168
January 20, 1983
PUBLIC RECORDS . . . . . . . . . . 90-C R.S. 44:1
Drivers' records kept by the Department of Public Safety are public records and must be made available to qualified individuals upon request.
Harold D. Brandt President Mothers Against Drunk Drivers P.O. Box 66770 Baton Rouge, Louisiana 70896
Dear Dr. Brandt,
Your request for an opinion of this office has been forwarded to the undersigned for research and reply. Your question is whether driver's records kept by the Department of the Public Safety are a matter of public record.
Access to public records is governed by the Public Records Law R.S. 44:1 et. seq.). Subsection A (2) of R.S. 44:1 defines the term "public record" as follows:
 (2) All books, records, writings, accounts, letters and letter books, maps drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment or any money received or paid by or under the authority of the constitution or the laws of this state, are "public records," except as otherwise provided in this Chapter or as otherwise specifically provided by law.
Additionally, Article 12, Section 3 of the Louisiana Constitution provides:
 Section 3. No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law.
Under these provisions, any records kept by public agencies in this state which are not within the express exceptions to the Public Records Act are to be considered public records and must be made available upon request. R.S. 44:1 provides that any person of the age of majority may request, copy or reproduce, or obtain a reproduction of any public record.
 R.S. 32:393.1 provides (in part):
 A. The commissioner shall prepare and maintain records of the convictions of any person for the violation of traffic offenses which the courts of this state or federal courts and magistrates have forwarded to the Department of Public Safety. When a conviction is for speeding, the records shall reflect the miles per hour in excess of the speed limit that the person convicted was traveling. Amended by Acts 1974, NO. 508, section 1; Acts 1977, No. 113, section 1, eff. June 22, 1977; Acts 1980, No. 167, section 1.
 B. The commissioner shall furnish an extract copy of license records required to be kept by Subsection A hereof to state, parish, municipal, and court officials of this state for official use only, without charge. Amended by Acts 1977, No. 113, section 1, eff. June 22, 1977.
 C. The commissioner shall furnish an extract copies of license records required to be kept by Subsection A to other persons, firms or corporations for uses other than official upon the prepayment of the fee therefore of two dollars.
 Amended by Acts 1977, No. 113, section 1, eff. June 22, 1977; Acts 1977. No. 421, section 1, eff. July 1, 1997.
We are of the opinion that the records mentioned in R.S. 32:393.1
are public records for several reasons. First, the commissioner is required by law under R.S. 32:393.1 to prepare and maintain such records. Secondly, we are unable to find any provision of state law exempting such records from the Public Records Law. Lastly, subsection C of R.S. 32:393.1 specifically provides for access "for uses other than official."
In summary, it is the opinion of this office that drivers' records kept by the Department of Public Safety are public records and must be made available to qualified individuals upon request.
I hope that the foregoing has adequately answering your question. If we can be of further assistance to you in this or any other matter, please do not hesitate to contact us.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 By: __________________________ RENE SALOMON Assistant Attorney General
RS/fd