Dear Ms. Garcie:
This office is in receipt of your opinion request wherein you advise us that you represent the Sabine Parish Sales and Use Tax Commission. The Commission requests an opinion of the Attorney General regarding the disclosure of information by the Commission as follows:
 1. Can the Commission Administrator disclose the status of all taxpayers currently on its rolls to the Commission Board as a whole at the Commission's public meetings?
 2. Can the Commission Administrator disclose to individual Commission members the status of a taxpayer who is a taxpayer within the taxing authority the member represents?
I have enclosed a copy of Attorney General Opinion 98-293, which addresses a previous inquiry from the Sabine Parish Sales/Use Tax Commission (Commission) on the issue of the confidentiality of sales and use tax information collected by the Commission. This opinion provides (still applicable) background information on the Commission's composition and authority to disclose information deemed confidential by Louisiana law. In that opinion, this office concluded that the Commission could disclose confidential tax information specific to the local taxing jurisdiction and the Commission member who represented that local taxing jurisdiction, once those individuals executed confidentiality agreements. "The confidentiality of such records is not compromised when the information contained in same is disclosed `in the administration and enforcement of the tax laws of this state or of a political subdivision of this state'." Id. citing La.R.S. 47:1508 and 47:349
(statutes deeming records and files maintained pursuant to a tax ordinance confidential and allowing exception for administration and enforcement purposes).
In Attorney General Opinion 96-165 (attached), this office reached a similar conclusion when asked if an Assessor's Office and Revenue Department of the same parish could enter into a reciprocal exchange of information relative to the taxes administered by each. There, this office likewise concluded that La.R.S. 47:1508's exception "in the administration and enforcement of the tax laws of this state or of a political subdivision of this state", allowed the free transfer of confidential tax information between these two entities involved in the administration and enforcement of the tax laws of their political subdivision.
A review of these same statutes and cited Attorney General opinions lead us to conclude that disclosure of the Commission's tax information to individual Commissioners on that Commission will not compromise the confidentiality of those tax records when done in the administration and enforcement of the Commission's duties. The individual Commissioners should, of course, be required to execute the appropriate confidentiality agreements prior to receiving any confidential tax information.
In response to your first question regarding the release of confidential tax information at a "public meeting", it is the opinion of this office that confidential tax information cannot be discussed at a meeting open to the public nor released to the public for the reasons discussed in Attorney General Opinion 98-293.
I trust this adequately responds to your inquiry.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _______________________________ THOMAS L. ENRIGHT, JR. Assistant Attorney General
RPI/TLE;dsc
Date Received: Date Released: July 20, 2001
THOMAS L. ENRIGHT, JR. Assistant Attorney General
OPINION NUMBER 98-293
SEPTEMBER 14, 1998
Syllabus
71: Municipalities 90-C: Public Records 160: Taxation-Sales Tax Article VII, Section 3 of the 1974 Constitution R.S. 33:2844.1 R.S. 47:349 R.S. 1508 1508.1 R.S. 47:301-47:317 AG Op. No. 82-157, 92-594-A, 92-707 93-173
A tax collection commission created pursuant to R.S. 33:2844.1 can furnish tax collection information to the governing authority of a municipality for which it collects sales and use taxes.
Hon. Rodney Jordan, Mayor Village of Florien Post Office Box 68 Florien, Louisiana 71429
Dear Mayor Jordan:
You have requested an opinion of the Attorney General regarding the legal authority for the Sabine Parish Sales/Use Tax Commission (Commission) to supply the Village of Florien (Village) with information relating to the collection of its municipal sales and use taxes. You specifically ask the following questions:
1. Does a taxing jurisdiction, in general, or a mayor or city council, in particular, have the right to obtain information from the Commission concerning the collection of its tax?
2. Does a taxing jurisdiction, in general, or a mayor or city council, in particular, have the right to insist that the Commission take action against a taxpayer who is not fulfilling his tax obligation?
3. Does an individual Commission member have the right to obtain information from the Commission staff concerning the collection of taxes within the taxing authority he represents?
4. Does a Commission member have the right to insist that the Commission take action against a taxpayer who is not fulfilling his tax obligation?
5. Can the Commission deny a taxing authority access to information concerning the taxes it collects on behalf of the authority.
We find the following provisions of law to be relevant to your questions:
 R.S. 33:2844.1. Central collection commission
 A. In accordance with the provisions of Article VII, Section 3 of the Constitution of Louisiana, the sales and use taxes levied by political subdivisions within a parish shall be collected by a central collection commission in those parishes where a single collector of sales and use taxes has not been established by July 1, 1992.
 B. (1) The parish central collection commission shall consist of one representative from each political subdivision within the parish which levies a sales and use tax.
 * * *
 C. (1) Notwithstanding any other provision of this Section to the contrary, the central collection commission of the parish of Sabine shall be composed of nine members selected as follows:
 (a) Each municipality in the parish which levies a sales tax shall select a representative.
 (b) The parish school board shall select two representatives.
 (c) The parish police jury shall select two representatives.
 (d) One at-large member shall be selected to the commission jointly by the police jury and the school board.
 R.S. 47:349. Taxpayers required to keep records; confidentiality
 * * *
 B. (1) Except as otherwise provided by law, the records and files of the collector or the records and files maintained pursuant to a tax ordinance, excluding ad valorem property taxes and ad valorem property tax assessment roles, of any political subdivision are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a political subdivision of this state. [Emphasis added.]
 R.S. 47:1508. Confidential character of tax records
 A. (1) Except as otherwise provided by law, the records and files maintained pursuant to a tax ordinance, excluding ad valorem property taxes and ad valorem property tax assessment roles, of any political subdivision are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a political subdivision of this state. . . .
 (2) No person shall divulge or disclose any information obtained from any examination or inspection of the premises or property of any person in connection with the administration and enforcement of the tax laws of this state or a political subdivision of this state except to the taxing jurisdiction of his employment. . . .
 (3) Neither the secretary nor any employee engaged in the administration or charged with the custody of any such records or files shall be required to produce any of them for inspection or use in any action or proceeding, except in an action or proceeding in the administration or enforcement of the tax laws of this state or of a political subdivision.
 B. Nothing herein contained shall be construed to prevent:
 * * *
 (5) The furnishing, in the discretion of the secretary or a political subdivision, of any information disclosed by the records or files to any official person of another department or political subdivision of this state, . . . who is concerned with the administration of taxes. . . . In addition, information divulged under this Subsection shall only be given to an agency which has agreed in advance to respect the confidentiality of such information.
 * * *
 C. Whoever violates any provision of this Section by divulging information unlawfully shall be punished by imprisonment for not more than two years or fined not more than ten thousand dollars or both. [Emphasis added.]
 R.S. 47:1508.1. Unauthorized disclosure of information
 A. Any officer, employee, or agent or any former officer, employee, or agent of the state of Louisiana or of any political subdivision of the state who unlawfully discloses any information obtained from a return of a taxpayer or records and files of the secretary of the Department of Revenue, contrary to the provisions of R.S. 47:1508, shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than ten thousand dollars or be imprisoned for not more than two years, or both.
We turn now to the issues presented in your request. Parenthetically, it should be noted that the laws relating to the levy and collection of sales and use taxes generally provide that the tax shall be collected in the same manner and pursuant to the definition, practices and procedures set forth in R.S. 47:301 through 47:317, providing for the collection of state sales and use taxes. Attorney General Opinion No. 82-157. Further, the provisions contained in R.S. 47:1508 and 1508.1 have been held to be applicable to the Commission. Attorney General Opinion No. 93-173. We now direct our attention to your first question.
R.S. 33:2844.1(A) establishes the Commission as the "tax collector" for the Village. As such, it is the exclusive sales tax collection agent for the Village. Attorney General Opinion No. 92-107. The Commission has expressed concern that the disclosure of tax information to the Village, pertaining to businesses operating within same, may breach the confidentiality provisions contained in the statutes quoted hereinabove.
A review of Sections 1508 and 349(B)(1) of Title 47 discloses that the confidentiality of such records is not compromised when the information contained in same is disclosed ". . . in the administration and enforcement of the tax laws of this state or of a political subdivision of this state".
In Testa Distributing Co., Inc. v. Tarver, 584 So.2d 300 (La.App. 1st Cir. 1991), the First Circuit had occasion to examine this pertinent language in Section 1508, as it applied to the Secretary of the Department of Revenue and Taxation. The Court held:
 The meaning of `in the administration and enforcement of the tax laws of this state' is clear and unambiguous when the terms are given their usual significance and the phrase is considered in pari materia with other laws in this area. La.R.S. 1:3; La.C.C. Arts 11 and 13. Administration is defined as the act of managing or supervising the execution, use, or conduct of. Webster's Ninth New Collegiate Dictionary 57 (1984). Enforcement is defined as the act of putting something such as a law into effect; the carrying out of a mandate or command. Black's Law Dictionary, 474 (5th ed. 1979). La.R.S. 47:1502
states that the Secretary shall collect and enforce the collection of all taxes, penalties, interest and other charges that may be due under the provisions of Sub-title II of this title and administered the legislative mandates therein contained. Thus, the Secretary is empowered by law with enforcement and administration of the tax laws of this state. . . .
Based upon the statutory exceptions to the disclosure of tax information and the jurisprudence interpretive thereof, it is the opinion of this office that the Village, through its governing authority (i.e., the mayor and city council), has the right of access to information concerning the collection of its taxes. In accord is Attorney General Opinion No. 93-173. By receiving such information, the Village is bound by any and all statutory provisions regarding to confidentiality which attach thereto. We recommend that the Village acknowledge the confidentiality of the information it receives from the Commission, in writing.
In answer to your second question, the Village, through its governing authority, has the right to request that the Commission look into possible violations of tax ordinances by businesses located within the Village. It is our opinion that such requests should be filed with the Commission in accordance with the rules, regulations and procedures promulgated by the Commission for the taking of such complaints.
We answer your third question in the affirmative, citing the same reasons set forth in answer to your first question. The Commission member receiving the information from the staff would be subject to any and all statutory provisions relating to confidentiality.
We answer your fourth question in the affirmative. Further, in the event a Commission member desires that the Commission look into a possible violation of the tax ordinances within the jurisdiction represented by that Commission, the request should be submitted in accordance with the policies, procedures and rules promulgated by the Commission to handle such complaints.
We answer your final question in the negative, citing the same reasons expressed in our discussion of your first question.
As previously discussed, we are aware of the criminal provisions contained in R.S. 47:1508 and 1508.1 relative to unauthorized disclosure and, therefore, understand the hesitancy of the Commission to disclose tax information. In this regard, the Commission may wish to seek legislative clarification of R.S. 47:1508 and 1508.1 and, In the alternative, a Petition for Declaratory Judgment, to protect its interests. Attorney General Opinion No. 93-173 and 92-594-A.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3/cla
OPINION NUMBER 96-165
MAY 9, 1996
R.S. 47:1508
4 — Assessor 115 Taxation — Collection Enforcement
Mr. J. Roger Bergeron Director, Dept. of Revenue West Baton Rouge Parish P.O. Box 53 Port Allen, LA 70767
Mr. Basil Scalise Assessor West Baton Rouge Parish P.O. Box 76 Port Allen, LA 70767
Dear Mr. Bergeron and Mr. Scalise:
This office is in receipt of your request for an opinion of the Attorney General in regard to a reciprocal exchange of information between the Assessor and Revenue Department of the Parish of West Baton Rouge relative to the taxes administered by each. You ask the following questions:
 1. Is it legally permissible for the Parish Revenue Department and the Assessor to exchange information deemed confidential under the terms of R.S. 47:1508B(3)
or B(5); and
 2. If not, is the Assessor compelled to produce confidential forms to the Revenue Department under its subpoena power.
 3. How might the Assessor obtain access to confidential sales tax records absent a mutual, legal agreement between the two offices to do so.
As you note R.S. 47:1508 provides that "the records and files of the Dept. of Revenue and Taxation or the records and files maintained pursuant to a tax ordinance, excluding ad valorem property taxes and ad valorem property tax assessment rolls, of any political subdivision are confidential and privileged". However, it further provides an exception to the confidentiality "in the administration and enforcement of the tax laws of this state or of a political subdivision of this state".
Additionally, in R.S. 47:1508(B) it is provided in Paragraph (3) that the confidentiality would not prevent "the use of reports filed by a taxpayer under one Chapter of this Title or an ordinance of a political subdivision, in an action against the same taxpayer for a tax due under another Chapter of this Title, or another tax ordinance of the political subdivision", and in Paragraph (5) that the confidentiality would not prevent "the furnishing, in the discretion of * * * a political subdivision, of any information disclosed by the records or files to any official person of another department or political subdivision of this state, or any other state, or of the United States who is concerned with the administration of taxes and who in fact furnishes or has agreed with the * * * the political subdivision to furnish information contained in the records and files administered by him to the Department of Revenue and Taxation or the political subdivision on a reciprocal basis". However, it further sets forth in Paragraph (5) that the exchange of information shall not be made in contravention of any provisions of state or federal law prohibiting the dissemination of such information, and may only be divulged as provided by law.
In regard to your reference to Atty. Gen. Op. 81-1042, we find it was simply concluded the confidentiality of records held by the Dept. of Revenue must be weighed against the District Attorney's subpoena privileges for "Article 66 and R.S. 47:1508 are both exceptional provisions. That is, they were both enacted in order to provide special powers, exceptions safeguards, and to effectuate specific policies". It was concluded when the Dept. of Revenue receives and C.Cr.P. Art. 66
subpoena for tax records, they may file a Motion to Quash requiring the District Attorney prove he is proceeding on a matter involving the administration of Louisiana's tax law.
We do not find this restriction is relevant to your question in regard to the Parish Revenue Dept. and the Assessor exchanging confidential information under the terms of R.S. 47:1508.
Nor do we find the decision of Buras v. State, 496 So.2d 517
(La.App. 1986) pertinent to the issue of the right of the Assessor and Parish Dept. of Revenue exchanging tax information. Therein the plaintiff, a vendor at Jazz Fest, was found by the Dept. of Revenue to owe more taxes whereupon he sought copies of delinquency notices and records of the Department of all the vendors upon which the Department based demands for taxes due. The court found the Legislature did not intend to allow disclosure of such information sought by plaintiff "in his over broad request", and in holding that the defendant Department of Revenue was not required to produce the requested records stated "this action for a writ of mandamus is not an action or proceeding in administration orenforcement of tax laws of this State". (Emphasis added.)
In answer to the question whether the Evangeline Sales and Use Tax Commission could furnish to the cities information from tax returns of individuals and/or corporate entities to aid cities in the calculation of their occupational license taxes or whether this information is confidential, this office found in Atty. Gen. Op. No. 93-173 that the confidentiality of tax records "is not violated when the information contained in such records is `disclosed * * * in the administration and enforcement of the tax laws * * * of a political subdivision." Relying upon Testa Distributing Co., Inc. v. Tarver, 584 So.2d 300 (La.App. 1991) this office quoted as follows:
 The meaning of `in the administration and enforcement of the tax laws of this state' is clear and unambiguous when the terms are given their usual significance and the phrase is considered in pari materia with other laws in this area. La.R.S. 1:3; La.C.C. arts, 11 and 13. Administration is defined as the act of managing or supervising the execution, use, or conduct of. Webster's Ninth New Collegiate Dictionary 57 (1984). Enforcement is defined as the act of putting something such as a law into effect; the carrying out of a mandate or command. Black's Law Dictionary 474 (5th ed. 1979). La.R.S. 47:1502 state that the Secretary shall collect and enforce the collection of all taxes, penalties, interest and other charges that may be due under the provisions of Sub-title II of this title and administer the legislative mandates therein contained. Thus, the Secretary is empowered by law with the enforcement and administration of the tax laws of this state.
This office was of the opinion that a disclosure to a particular political subdivision of the information contained in the individual sales and use tax returns filed in accordance with the laws and ordinances of that political subdivision so that the political subdivision can utilize the information in the administration and enforcement of its occupational license tax laws is authorized by, and not a violation of R.S. 47:1508.
Subsequently, in Atty. Gen. Op. No. 94-484 this office approved an agreement between Avoyelles Parish School Board and an outside private auditor for the collection of delinquent sales/use and rental tax inasmuch as the private auditor was found to be an agent of the Board in the enforcement of the school board engaged in the administration and enforcement of the sales tax ordinances. Therefore, it was held the disclosure of the sales tax files to the auditor did not violate R.S.47:1508.
On the other hand, we find in Atty. Gen. Op. No. 87-632 that this office concluded the Sheriff could not disclose tax collection information to the St. Tammany Parish Tourist Commission, having found the Commission was not a "political subdivision" to fall within the exception of R.S. 47:1508.
Following the logic of these opinions, we would conclude it is permissible for the Parish Revenue Department and the Assessor to enter into a reciprocal agreement for exchange of information in the tax records in furtherance of the administration and enforcement of the tax laws administered by each; and this agreement would preclude any necessity to attempt to seek such information by subpoenas and encounter the confidentiality issue.
We recognize under R.S. 47:1957 entitled "Listing and Assessing Property Generally" that the assessor is mandated to assess all taxable property in the state. Under Paragraph(C) the assessor is given the power to require of any property holder an inspection of his books or accounts and, if necessary, put the owner, agent or employees under oath and propound such questions as will elicit from them the fair market or use value of the property. In furtherance of this authority under Paragraph (D) when a person fails or refuses to list his property or submit to oath, the assessor may make a list "from the best information he can obtain". To this end he is authorized "to administer oaths and propound questions to any person whomever he supposes can give information in relation thereto."
With this authority in mind in answer to the question on how the assessor may obtain access to confidential sales tax record from the Revenue Department in absence of a mutual agreement between the two offices, we would restate the observations of this office in Atty. Gen. Op. No. 81-1042 which weighed the subpoena power of the attorney general or district attorney under C.Cr.P Art. 66 against the confidentiality under R.S. 47:1508. It was stated that it is difficult to simply conclude that one policy should or does absolutely preempt the other policy provision; and it was concluded that a weighing of competing policies must be made on a case by case basis by a neutral and detached magistrate.
We also take note of the decision of this office in Atty. Gen. Op. No. 78-299 which asked whether the records of the Louisiana Tax
Commission could be legally subpoenaed by the United States Internal Revenue Service. Therein it was found the records and reports of a taxpayer filed with the Louisiana Tax Commission being deemed confidential were not subject to the subpoena power of the Internal Revenue Service.
Therefore, we cannot propose a definitive means for an assessor to obtain access to confidential sales tax records from the Parish Revenue Department without a reciprocal agreement without court authority to weigh the necessity to for information against the issue of confidentiality.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely your,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Discussion of exchange of information that is otherwise confidential between the assessor and parish revenue department.